## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RODNEY FAUSNAUGH,<br>    Appellant,<br><br>  v.<br><br>OFFICE OF PERSONNEL<br> MANAGEMENT,<br>    Agency. | DOCKET NUMBER<br>AT-844E-20-0707-I-1<br><br><br>DATE: April 26, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert R. McGill, Esquire, Walkersville, Maryland, for the appellant.

Jo Bell, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1     The agency has filed a petition for review of the initial decision, which reversed the reconsideration decision of the Office of Personnel Management (OPM) that denied the appellant's application for disability retirement benefits. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).   After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2     The appellant is a veteran of the United States Marine Corps.  Initial Appeal File (IAF), Tab 1 at 13.  He began working for the Department of Veterans Affairs as a Police Officer in 2008 and was diagnosed with post-traumatic stress disorder (PTSD) in 2009 or 2010.  *Id.*; Hearing Recording (HR) at 22:50-23:45 (testimony of the appellant).  In 2016, while assigned to The Villages Outpatient Clinic, the appellant was involved in an active shooter incident, he subdued and arrested a veteran who fired an AR-15 and was threatening patients and providers, and this incident exacerbated his PTSD.  HR at 2:10-4:50, 12:00-12:15 (testimony of the appellant); IAF, Tab 1 at 14, Tab 6 at 18-19.  In May 2018, the appellant

was reassigned to the Physical Security Assistant position. IAF, Tab 1 at 21; HR at 27:30-28:00 (testimony of the appellant).

¶3    In July 2019, while employed in the Physical Security Assistant position, the appellant requested to take leave pursuant to the Family and Medical Leave Act of 1993 (FMLA). IAF, Tab 1 at 17-20. In support of his request, he submitted documentation signed by his psychologist, stating that he had been diagnosed with chronic PTSD, with such prominent symptoms as "intrusive memories of trauma," "prolonged psychological distress at exposure to reminders of traumatic events," "irritable mood," "hypervigilance," "concentration problems," and "significant impairment in functioning, generally." IAF, Tab 6 at 18-19. The appellant's psychologist concluded that the appellant was unable to be "physically present at the hospital due to perceived danger." *Id.*

¶4    In September 2019, the appellant was reassigned to the position of Program Support Assistant. IAF, Tab 6 at 12, 18-19, 67; HR at 5:30-7:10 (testimony of the appellant). The appellant reported to the position for 1 day and then requested leave without pay (LWOP). HR at 12:30-13:10, 48:40-48:50 (testimony of the appellant). He submitted a retirement application in October 2019. IAF, Tab 1 at 57-60.

¶5    OPM issued an initial decision denying the appellant's application for disability retirement. IAF, Tab 6 at 11-15. The appellant requested reconsideration and OPM issued a decision upholding its denial. *Id.* at 5-8. Thereafter, in June 2020, the appellant returned to the Program Support Assistant position. HR at 8:00, 48:00-49:00 (testimony of the appellant). Since his return to the position, the appellant testified that he suffers two or three panic attacks per day, lasting 30 minutes to 2 hours each, that he is unable to concentrate on his job duties because of perceived threats in and around the building, and that he suffers from dissociative episodes that cause him to lose focus while driving, ending up hours from his home. *Id.*; IAF, Tab 1 at 11-12.

¶6          In July 2020, the appellant appealed OPM's reconsideration decision to the Board. IAF, Tab 1. After conducting a telephonic hearing, the administrative judge reversed OPM's reconsideration decision and ordered it to accept the appellant's application for disability retirement benefits. IAF, Tab 12, Initial Decision (ID). OPM has filed a petition for review, and the appellant has filed a response. Petition for Review (PFR) File, Tabs 1, 5.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶7          To be eligible for disability retirement under the Federal Employees' Retirement System (FERS), the appellant must prove by preponderant evidence that (1) he completed at least 18 months of creditable civilian service, (2) while employed in a position subject to FERS, he became disabled because of a medical condition, resulting in a deficiency in performance, conduct or attendance, or, if there is no such deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position, (3) the disabling medical condition is expected to continue for at least 1 year from the date that the application for disability retirement benefits was filed, (4) accommodation of the disabling medical condition in the position held must be unreasonable, and (5) he did not decline a reasonable offer of reassignment to a vacant position. 5 U.S.C. § 8451(a); *Thorne v. Office of Personnel Management*, 105 M.S.P.R. 171, ¶ 5 (2007).

¶8          OPM concedes that the appellant has completed at least 18 months of creditable service (element (1)). PFR File, Tab 1 at 5. OPM's petition for review asserts that the administrative judge erred in finding the appellant met his burden as to elements (2) and (3) because he did not prove by preponderant evidence that he had a medical condition that rendered him unable to perform useful and efficient service and that was expected to last 1 year after from the date his disability retirement application was filed. *Id.* at 5-9. OPM also contends that the administrative judge erred in considering the appellant's deficiencies in his

previous positions and that the appellant was precluded from receiving disability retirement because he had accepted a reassignment from his prior two positions. *Id.* at 9-10.

<u>We affirm the administrative judge's finding that the appellant proved that while employed in a position subject to FERS, he became disabled because of a medical condition that rendered him unable to provide useful and efficient service.</u>

¶9  The administrative judge found that the appellant proved that while in a position subject to FERS, he became disabled because of a medical condition, resulting in an inability to provide useful and efficient service. ID at 10. In pertinent part, she found that his testimony regarding his PTSD symptoms was undisputed and he provided competent medical evidence to support his testimony. *Id*. OPM first asserts in its petition for review that the appellant did not provide sufficient objective medical evidence to substantiate his diagnosis. PFR File, Tab 1 at 6-9.

¶10  The Board has stated that it will consider all pertinent evidence in determining an appellant's entitlement to disability retirement benefits, including objective clinical findings, diagnoses and medical opinions, subjective evidence of pain and disability, and evidence relating to the effect of the appellant's condition on his ability to perform the duties of his position. *Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶ 19 (2012). The lack of objective medical evidence cannot be used as the sole basis for denying an applicant disability retirement benefits. *See Vanieken-Ryals v. Office of Personnel Management*, 508 F.3d 1034, 1039-44 (Fed. Cir. 2007). Subjective evidence regarding the appellant's symptoms "may be entitled to great weight," especially where such evidence is uncontradicted in the record. *Chavez v. Office of Personnel Management*, 6 M.S.P.R. 404, 422 (1981). It is within the discretion of the administrative judge to make determinations as to the materiality of the evidence and to weigh the probative value of such evidence. *Whitmer v. Office of Personnel Management*, 48 M.S.P.R. 312, 317 (1991).

¶11　　Here, the appellant testified extensively about the symptoms of his PTSD and submitted documents from two medical providers, his psychologist and a Licensed Clinical Social Worker, to substantiate his diagnosis.  IAF, Tab 1 at 13-20, Tab 6 at 43, 52-56; HR (testimony of the appellant).  The appellant's psychologist, who saw him over an 8-year period, until 2019, wrote that the appellant was diagnosed with PTSD in 2010 and the diagnosis was confirmed in 2011 following administration of the Personality Assessment Inventory.  IAF, Tab 1 at 13-16.  In July 2019, the appellant's psychologist completed a form in support of the appellant's FMLA leave request, which stated that the appellant is diagnosed with chronic PTSD.  *Id.* at 17-20.  The appellant also submitted a five-page assessment/diagnostic evaluation completed by his Licensed Clinical Social Worker, which noted diagnoses of chronic PTSD and Major Depressive Disorder.  IAF, Tab 6 at 52-56.

¶12　　OPM's petition for review asserts that the psychologist's evaluation should be given low probative value because it was "unauthored, unsigned, undated and missing pages."  PFR File, Tab 1 at 8-9 (citing IAF, Tab 6 at 49-51).  There is an incomplete version of the document in the agency file; however, the appellant attached to his initial appeal a complete version of the evaluation, which included the psychologist's signature, his PhD status, his title, as well as a thorough and lengthy evaluation.[3]  IAF, Tab 1 at 13-16.

¶13　　OPM also contends that the FMLA form completed by the psychologist "must be deemed incompetent" because the appellant did not include the records

---

[3] Though the document was undated, it included a summary of a July 2019 session and it was submitted to OPM with the appellant's disability retirement application in October 2019, so it is reasonable to conclude that the document was authored during that timeframe.  Because we can ascertain the approximate date the document was drafted, we do not find the lack of an exact date decreases its probative value.

from the underlying 59 sessions.[4]  PFR File, Tab 1 at 8 (citing *Christopherson v. Office of Personnel Management*, 119 M.S.P.R. 635 (2013)).  We disagree with OPM's reading of *Christopherson* and find that it does not create an affirmative obligation for the appellant to provide all underlying medical documentation in order for a medical opinion or record to be deemed competent.  In *Christopherson*, 119 M.S.P.R. 635, ¶ 10, there appeared to be no medical reports in the record concerning the appellant's medical conditions; instead, there were only documents that referenced medical reports concerning such medical conditions.  The Board in *Christopherson* found that OPM rebutted the presumption of disability by showing a lack of medical evidence explaining how the appellant was unable to perform her specific work requirements, prevented her from being regular in attendance, caused her to act inappropriately or, alternatively, that her medical conditions were inconsistent with work in general, in a particular line or work, or in a particular type of work setting.  *Id.*  Here, however, the appellant provided medical reports from two separate providers that described his PTSD diagnosis, detailed the significant impact of the 2016 active shooter incident on his PTSD, and supported his burden for proving his entitlement to disability retirement benefits.  Accordingly, we find no error in the administrative judge's consideration of the medical evidence.

¶14      In challenging the administrative judge's conclusion that the appellant proved that he was unable to render useful and efficient service in his position, OPM contends that the administrative judge erred in considering the appellant's performance deficiencies in his prior positions instead of considering the appellant's performance in his final position of record, Program Support Assistant.  PFR File, Tab 1 at 10.

---

[4] Similarly, OPM contends that the social worker's five-page single-spaced letter should be rejected because it did not include underlying notes.  PFR File, Tab 1 at 8. However, for the reasons stated herein, this argument is not persuasive.

¶15     We agree with OPM's underlying proposition, i.e., that the relevant position for determining the appellant's qualification for disability retirement benefits is the last position he held before filing his application. *Ballenger v. Office of Personnel Management*, 101 M.S.P.R. 138, ¶ 7 (2006). While we acknowledge that the administrative judge discussed the appellant's performance deficiencies in the Police Officer and Physical Security Assistant positions, she did so to give context to the history and progression of the appellant's PTSD. ID at 6-8. Having thoroughly analyzed the evidence, she concluded that his testimony regarding his PTSD symptoms was undisputed and supported by competent medical evidence. ID at 10. She appropriately found that the appellant was unable to provide useful and efficient service in his particular work environment based on his testimony regarding the symptoms he experienced while employed in the Program Support Assistant position, his final position of record. ID at 8-10. In pertinent part, she noted that he testified that he is hypervigilant at work, gets startled easily, has difficulty dealing with uncooperative callers, has trouble sleeping, and does not feel safe in the facility, which she found was consistent with the assessments of the psychologist and Licensed Clinical Social Worker. *Id.*

¶16     Accordingly, we find no error in the administrative judge's conclusion that the appellant proved that he is unable to render useful and efficient service in his particular work environment. *See Craig v. Office of Personnel Management*, 92 M.S.P.R. 449, ¶ 13 (2002) (finding that the appellant's medical condition, including PTSD, was incompatible with useful and efficient service in her Unit Secretary position and retention in that position because she testified that her PTSD symptoms were exacerbated in the penitentiary setting and her mental health professional confirmed that the appellant's condition was "extremely environmentally sensitive").

<u>We affirm the administrative judge's finding that the appellant proved that his disabling medical condition is expected to last 1 year from the date of his application for disability retirement benefits.</u>

¶17    The administrative judge found that the appellant proved that his disabling medical condition is expected to last 1 year or more from the date of his application for disability retirement benefits largely because his condition has spanned multiple years.  ID at 10.  We have considered and rejected OPM's arguments that the medical evidence was not competent, *supra* ¶¶ 9-13. Moreover, the record reflects that the appellant has suffered from PTSD for a decade, the 2016 incident led to further deterioration and impaired functioning, and the appellant's psychologist, who treated him for 8 years, stated that the anticipated duration of the appellant's condition was "probably lifetime."  IAF, Tab 1 at 13-20.  We therefore affirm the administrative judge's finding in this regard.

<u>We affirm the administrative judge's finding that accommodation of the appellant's PTSD would be unreasonable and that he did not decline an offer of reassignment to a vacant position.</u>

¶18    The administrative judge found the appellant proved that accommodation of his PTSD would be unreasonable and he did not decline an offer of reassignment to a vacant position (elements (4) and (5)).  ID at 10-11.  OPM does not appear to challenge the administrative judge's findings as to these elements.[5]  Moreover, we discern no error with the administrative judge's analysis or conclusion.

¶19    Based on the foregoing, we deny the petition for review and affirm the administrative judge's decision to order OPM to grant the appellant's disability retirement application.

---

[5] To the extent that OPM argues that the appellant's acceptance of the two earlier reassignments precludes his receipt of disability retirement, PFR File, Tab 1 at 10, we are not persuaded by this argument.

**ORDER**

¶20    We ORDER OPM to grant the appellant's application for disability retirement.  OPM must complete this action no later than 20 days after the date of this decision.

¶21    We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order.  The appellant, if not notified, should ask OPM about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶22    No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM.  *See* 5 C.F.R. § 1201.182(a).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.